## Stevens Mfg. Co. v. Fidelity & Casualty Ins. Co.

140

*Davis & Davis*, for plaintiff.

*Harkins & Wharton*, for defendant.

McDONALD, J., June 22, 1956.—This is a suit in assumpsit wherein plaintiff claims defendant is indebted to it under provisions of a dishonesty, disappearance, and destruction policy of insurance, for loss resulting from the dishonesty of one of its employes.

Defendant filed preliminary objections in the dual nature of a motion for more specific complaint and a demurrer. Defendant contends in its motion for more specific complaint that paragraph four of the complaint is insufficient in that it fails to name the employe who committed the dishonest act. The demurrer requests judgment on behalf of defendant for the reason that the complaint fails to aver compliance with the following conditions precedent in the policy: (1) Written notice of loss within 15 days of discovery; (2) submission of sworn itemized proof of loss within four months after discovery. Under the terms of the policy, no suit to recover may be brought until 90 days after proof of loss has been furnished.

Paragraph four of the complaint is stated as follows:

"During the month of January, 1955, the plaintiff discovered that material had been stolen by one of

its employees from a stock pile of bronze ingots stored at its foundry in the Township of Cambria, County of Cambria, Commonwealth of Pennsylvania."

The policy, a copy of which is attached to the complaint, provides under section 1 of "Insuring Agreements", inter alia, as follows:

"Loss Caused by Unidentifiable Employees

"If a loss is alleged to have been caused by the fraud or dishonesty of any one or more of the Employees and the Assured shall be unable to designate the specific Employee or Employees causing such loss, the Assured shall nevertheless have the benefit of this Insuring Agreement I, provided that the evidence submitted reasonably (in case of inventory shortage, conclusively) establishes that the loss was in fact due to the fraud or dishonesty of one or more of the said Employees, and provided further that the aggregate liability of the Company for any such loss shall not exceed the limit of Liability applicable to this Insuring Agreement I."

Under the above quoted policy provision, coverage is afforded even though the loss is caused by act of an unidentifiable employe or employes. However, plaintiff must, if the employe who committed the dishonest act is known, disclose the name of that employe. If the employe is unidentifiable, that fact must be alleged. This is vital information for the insurer, either to reduce his loss before litigation, or to prepare his defense for trial. Paragraph four of the complaint is ambiguous. It may be interpreted that "one of its employees" refers to a person known to plaintiff, or unknown. It is conceivable that defendant may prepare its defense differently were the employe known, than if he were unknown. This being a material averment, plaintiff is required to disclose the name of the employe if known, or, if not, then to aver that he is

unidentifiable. Therefore, the motion for a more specific complaint is sustained with an allowance to plaintiff to amend its complaint.

The demurrer may not be sustained. Pa. R. C. P. 1019 (c) provides as follows:

"(c) In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of such performance or occurrence shall be made specifically and with particularity."

Paragraph seven of the complaint avers inter alia:

". . . and notwithstanding the fact that plaintiff had complied with the terms of the policy. . . ."

This is a sufficient general averment under requirements of rule 1019 (c). It is not necessary that plaintiff aver compliance with the conditions precedent in each particular: Doyle v. Aetna Life Insurance Co., 4 Chester 378; Zirot v. Resolute Fire Insurance Co., 12 Beaver 89; Moff v. Union Insurance Society, 24 Schuyl. 204.

We, therefore, enter the following

*Order*

Now, June 22, 1956, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that the preliminary objections in the nature of a motion for more specific complaint be sustained, unless plaintiff within 20 days from this date shall amend its complaint by disclosing the name of the employe alleged to have committed the dishonest act, or if unknown, then to so aver. If such amendment is filed within the time allowed, the objection will be dismissed.

And further, the preliminary objections in the nature of a demurrer are dismissed.